JILL COTTLE GARRETT (#12520)
MARCA TANNER (#13376)
COTTLE GARRETT LAW, PLLC
1167 24th St.
Ogden, UT 84401
cottlegarrettlaw@yahoo.com
(801) 627-1736 Telephone
(801) 627-1723 Facsimile
*Attorneys for Plaintiffs*

## IN THE THIRD JUDICIAL DISTRICT COURT
### SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MICHAEL A. COTTLE, <br><br> Plaintiff <br><br> v. <br><br> CROWN EQUIPMENT CORPORATION, CROWN LIFT TRUCKS, and DOES 1 through 50 <br><br> Defendants | FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED <br><br><br> Civil Action No. 110901376 <br><br> Judge Anthony B Quinn |

Plaintiff, Michael A. Cottle, through counsel, files his first amended Complaint against Defendants, Crown Equipment Corporation, Crown Lift Trucks, and Does 1 through 50 and alleges for causes of actions as follows:

### PARTIES

1. Plaintiff, MICHAEL A. COTTLE (hereinafter "DRIVER"), is an adult male, warehouse forklift driver, and citizen of the State of Utah.

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 1 of 15

2. Defendants, CROWN EQUIPMENT INC. (hereinafter "CROWN"), is an Ohio Corporation with its principal place of business at 44 South Washington St., New Bremen, Ohio 45869. CROWN LIFT may be served with process by serving its registered agent, CT Corporation System, 136 East South Temple, Suite 2100, SLC, UT, 84111. CROWN is registered to do business within the State of Utah and was at all pertinent times doing business in the State of Utah and continues to do business in the State of Utah. CROWN is the designer, tester, manufacturer, and distributor of heavy-duty electric lift trucks, including the pallet jack whose specifications were 1) Make: Crown, 2) Year: 2008, 3) Model: PE 4500-60, 4) SN/VIN: 6A262031 (the "Subject Pallet Jack"). A pallet jack is a specific type of forklift designed to lift and move pallets. The Subject Pallet Jack reached the user, DRIVER, in a substantially similar condition in which it was in when originally manufactured, distributed, and sold. At the time the Subject Pallet Jack was sold or placed on the market, it was in an unreasonably dangerous to users and specifically to DRIVER.

3. Defendant, CROWN LIFT TRUCKS (hereinafter "CROWN LIFT"), is a DBA with its principal place of business located at 44 S. Washington St., New Bremen, OH 45869. CROWN LIFT may be served with process by serving its registered agent, CT Corporation System, 136 East South Temple, Suite 2100, SLC, UT, 84111. CROWN LIFT is registered and qualified to do business within the State of Utah and was at all pertinent times doing business in the State of Utah and continues to do business in the State of Utah. CROWN LIFT is engaged in the business of selling, installing, maintaining, and repairing heavy-duty electric lift trucks, including the Subject Pallet Jack as a DBA of CROWN. The Subject Pallet Jack reached the user, DRIVER, in a substantially similar condition in which it was in when originally manufactured, distributed, and

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 2 of 15

sold. At the time the Subject Pallet Jack was sold or placed on the market, it was in an unreasonably dangerous to users and specifically to DRIVER.

4. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 50 are unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names, and will amend this complaint to show their true names and capacities when ascertained or determined. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages to the Plaintiffs as alleged herein.

5. At all times herein mentioned, Defendants, and each of them, were and now are Corporations, Entities, individuals, or agencies organized and existing under and by virtue of the laws of the State of Utah or State of Ohio, and qualified to do and doing business in the State of Utah, County of Salt Lake.

6. Defendants and each of them at all times herein mentioned knew and intended that the forklift truck designed, manufactured, assembled, and sold would be purchased and used by the purchaser or user without inspection for defects therein or in any of its component parts.

7. As a proximate result of the defect as herein alleged, DRIVER sustained serious and permanent injuries to his health, strength, and activity, severe shock to his nervous system and person, all of which injuries have caused and continue to cause DRIVER great mental, physical, and nervous pain and suffering. The DRIVER is informed and believes and based upon such information and belief alleges that his said injuries will result in some permanent disability to

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 3 of 15

DRIVER, all to his general damages.

## STATEMENT OF JURISDICTION AND VENUE

8. DRIVER is a citizen of Utah, an individual. CROWN is a citizen of Ohio, a corporation incorporated under the laws of Ohio with its principal place of business in Ohio. CROWN is registered to do business in Utah. CROWN LIFT is a citizen of Ohio, a DBA of CROWN with its principal place of business in Utah.

9. CROWN has submitted to personal jurisdiction in Utah pursuant to U.C.A. §78B-3-205 by creating sufficient contacts in the state. Specifically, CROWN is subject to jurisdiction in Utah under §78B-3-205(1) wherein CROWN transacted business within the state of Utah by selling and distributing its products to Utah residents; under §78B-3-205(3) wherein CROWN caused injury within the state by breach of warrant; and, under §78B-3-205(4) wherein CROWN registered as a business doing business in the State of Utah and established CROWN LIFT as a DBA of their corporation whose physical location is in Utah.

10. CROWN LIFT has submitted to personal jurisdiction in Utah pursuant to §78B-3-205 by creating sufficient contacts in the state. Specifically, CROWN LIFT is subject to jurisdiction in Utah under §78B-3-205(1) wherein CROWN LIFT transacted business within the state of Utah by selling and distributing its products to Utah residents; under §78B-3-205(3) wherein CROWN LIFT caused injury within the state by breach of warrant; and, under §78B-3-205(4) wherein CROWN LIFT registered as a business doing business in the State of Utah and has its physical location is in the state of Utah.

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 4 of 15

11. Venue is appropriate in this Court, as DRIVER's cause of action occurred or accrued in Salt Lake County, Utah.

## FACTUAL ALLEGATIONS

12. On, or about, January 18, 2009, DRIVER was employed at a warehouse known as Albertsons in Salt Lake County, Utah. Albertsons was the owner of a 2008 Crown pallet jack Model type PE 4500-60, Serial No. 6A262031 or Subject Pallet Jack. On January 18, 2009, DRIVER was operating Subject Pallet Jack on Albertsons' premises in Salt Lake County, Utah. The Subject Pallet Jack operated by DRIVER was placed in the chain of commerce by CROWN LIFT, and marketed as a safe and stable pallet jack for use in businesses of this state.

13. On January 18, 2008, DRIVER suffered severe and permanent injuries when the Subject Pallet Jack operated by him became uncontrollable and crashed into a steel support beam. At the time of the accident, the Subject Pallet Jack was being operated in a foreseeable and intended manner but went out of human control. The loss of control and the crash of the Subject Pallet Jack were caused by defects in the Subject Pallet Jack as hereinafter set forth. Specifically, the Subject Pallet Jack was defective and unreasonably dangerous on account of the dangerous propensity of the pallet jack to become out of control due to its inherent design. The Subject Pallet Jack was supplied by CROWN to CROWN LIFT with these defects, sold by CROWN LIFT with these defects, and serviced or repaired by CROWN LIFT with these defects. At all times relative to this action, DRIVER was free from fault.

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 5 of 15

## FIRST CAUSE OF ACTION
### STRICT LIABILITY – PRODUCTS LIABILITY

14. The allegations of Paragraphs 1 through 13 are incorporated herein as if reproduced in full.

15. CROWN is the manufacturer of products and specifically the Subject Pallet Jack, which is unreasonably and dangerously defective in its design, manufacture and as marketed. CROWN was and is in the business of designing, manufacturing, and supplying forklifts to the consuming public. The defective nature of the Subject Pallet Jack caused the injuries suffered by DRIVER in the subject incident.

16. Additionally and specifically, pursuant to Utah Code Ann. 78B-6-701 through 707, the Subject Pallet Jack was defective at the time it left the control of CROWN and CROWN LIFT, as follows:

    a.    The Subject Pallet Jack was defective because it failed to contain adequate warnings and/or instructions. At the time the Subject Pallet Jack left the control of CROWN and CROWN LIFT, Defendants knew or should have known about the danger associated with the Subject Pallet Jack that caused the injuries suffered by DRIVER, injuries for which damages are sought by this action. Moreover, the defective condition of the Subject Pallet Jack was not open and obvious, and ordinary users/consumers of the Subject Pallet Jack, such as DRIVER, did not realize or appreciate the dangerous conditions and defects associated with the Subject Pallet Jack.

    b.    The Subject Pallet Jack was defective because it was designed in a defective manner. At the time the Subject Pallet Jack left the control of CROWN and CROWN

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 6 of 15

LIFT, Defendants knew or should have known about the danger associated with the Subject Pallet Jack as a result of the defective design of the pallet jack that caused the injuries suffered by DRIVER for which damages are sought by this action. At the time of the crash, the Subject Pallet Jack failed to perform as expected due to the defective design of the Subject Pallet Jack. At all times, feasible design alternatives existed which, to a reasonable degree of probability, would have prevented the loss of control, the propensity for injuries like those that DRIVER suffered, and/or the crash of the forklift at the time of DRIVER's injuries, and the resulting harm to DRIVER. Such feasible design alternatives would not have impaired the utility, usefulness, practicality or desirability of the product to users or consumers such as DRIVER.

c. The Subject Pallet Jack was defective because it breached an express warranty and failed to conform to express factual representations upon which DRIVER justifiably relied in electing to use the product.

d. The defective condition of the Subject Pallet Jack rendered the Subject Pallet Jack unreasonably dangerous to DRIVER, and the defective and unreasonably dangerous condition of the Subject Pallet Jack proximately caused the damages for which recovery is sought by reason of this action.

17. At all times, the Subject Pallet Jack was unreasonably dangerous, in that the danger in fact associated with the use of the Subject Pallet Jack by DRIVER outweighed the utility or usefulness of the Subject Pallet Jack to DRIVER and others similarly situated.

18. At all times, the Subject Pallet Jack was unreasonably dangerous, in that the Subject Pallet

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 7 of 15

Jack was dangerous to users such as DRIVER and others similarly situated to an extent beyond that which would be contemplated by users and consumers, such as DRIVER, at the time the Subject Pallet Jack was purchased.

19. As a result of the defective nature and unreasonably dangerous condition of the Subject Pallet Jack, DRIVER sustained injuries and damages, for which recovery is sought by this action.

20. Pursuant to Utah Code Ann. §78B-8-201 and common law, DRIVER demands an award of punitive damages against Defendants CROWN, CROWN LIFT, and DOES 1-50. At all times, in the course of designing, manufacturing, marketing, testing, distributing, and selling of the Subject Pallet Jack, and other similar products, Defendants acted with actual malice, and with gross negligence evidencing a willful, wanton, and reckless disregard for the safety of DRIVER and others. At all times, Defendants had actual knowledge of the defective and unreasonably dangerous condition of the Subject Pallet Jack and other similar forklifts. At all times, Defendants had actual knowledge of the type and extent of harm which could be and was caused by Defendants' placing of the known defective Subject Pallet Jack and similar forklifts in the stream of commerce. Notwithstanding such knowledge, and for purposes of increasing profit at the expense of the safety, health, and wellbeing of DRIVER and others similarly situated, Defendants engaged in a pattern and practice of marketing and selling the defective Subject Pallet Jacks. Defendants engaged in such a pattern and practice of wrongful, malicious, and grossly negligent conduct while concealing and attempting to conceal from DRIVER and others similarly situated the defective nature and unreasonably dangerous condition of the Subject Pallet Jack and other similar forklifts. Defendants' wrongful conduct was pervasive and continued over a substantial duration of time. Such conduct

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 8 of 15

justifies an award of punitive damages against Defendants in an amount calculated to punish such conduct, and to deter the repetition of such conduct by Defendants and others.

## SECOND CAUSE OF ACTION
### NEGLIGENCE AND GROSS NEGLIGENCE

21. The allegations of paragraph 1 through 20 are incorporated herein as if reproduced in full.

22. The injuries and damages suffered by DRIVER were proximately caused by the negligence of Defendants. At all times, Defendants owed a non-delegable duty to DRIVER and others similarly situated to exercise reasonable care in the design, manufacture, assembling, supplying, marketing, instructing, providing warnings for, sale, service, installation and user communication with respect to the Subject Pallet Jack. Said duties were breached by Defendants. As a result of said breach of duties by Defendants, DRIVER sustained injuries for which recovery is sought by reason of this action.

23. Specifically, but without limitation, the acts of negligence attributable to Defendants include, but are not limited to, the following:

    a.    Improper design of the Subject Pallet Jack from a handling and stability standpoint.

    b.    Improper design of the braking and emergency handling systems of the Subject Pallet Jack.

    c.    Improper design and manufacture of the Subject Pallet Jack so as to create an unreasonable and dangerous propensity to experience a loss of control and/or failure to

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 9 of 15

brake under normal and foreseeable circumstances.

    d.    Failing to provide reasonable and adequate warnings to the suppliers and users of the Subject Pallet Jack about the pallet jack's propensity for loss of control, improper braking, and/or inadequate emergency controls when used as reasonably expected.

    e.    Improper design and manufacture of the Subject Pallet Jack with inadequate handling and braking devices and inadequate emergency controls.

    f.    Improper marketing of the Subject Pallet Jack in a manner that was misleading to consumers generally, and DRIVER in particular, as to the safety, stability, maneuverability, and handling of the pallet jack.

    g.    Failing to properly and adequately test, inspect, and design the Subject Pallet Jack so that it was stable, safe, free from defects, free from unnecessary propensity for loss of control and/or improper braking, and equipped with an adequate braking and emergency control system.

    h.    Designing Subject Pallet Jack which was patterned after pallet jacks that CROWN knew had a demonstrated history of involvement in an unreasonable number of incidents of loss of control and improper braking, with full knowledge of the dangers associated with the use of a design incorporating such defects.

    i.    Proceeding with the sale and marketing of the Subject Pallet Jack with full knowledge of the Subject Pallet Jack's dangerous propensity to lose control and/or to handle improperly in an emergency situation, with knowledge that as a result of such

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 10 of 15

continued sale and marketing, the pallet jacks would be involved in a large number of incidents of loss of control and/or improper braking, and that injuries to users and consumers such as DRIVER would occur.

j. By continuing to conceal from consumers, consumer agencies, the National Consumer Product Safety Commission, and others, vital information relative to the dangerous condition of the Subject Pallet Jack.

k. By failing to recall, refit, repair, or otherwise take remedial measures to prevent the continued injuries associated with the Subject Pallet Jack's dangerous propensity to lose control and/or improperly brake.

l. By failing to specifically and personally communicate to DRIVER and other users of the Subject Pallet Jack knowledge within the possession of CROWN, CROWN LIFT, and other dealers relative to the Subject Pallet Jack's dangerous propensity to lose control and/or improperly brake, notwithstanding repeated opportunities to do so when servicing the Subject Pallet Jack.

m. With the specific knowledge of the unreasonably dangerous condition of the Subject Pallet Jack, by failing to recall, retrofit, directly warn, or otherwise take any reasonable measures to reduce or eliminate the risk of injury to DRIVER associated with operation of the Subject Pallet Jack.

n. With the specific knowledge of the defective condition of the Subject Pallet Jack, by failing to suggest repairs or modifications to DRIVER and/or Albertsons at the time of servicing the Subject Pallet Jack which, if such had been made, would have

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 11 of 15

reduced and/or eliminated the risk of injury to DRIVER.

o. By equipping, marketing, and selling an inherently unstable pallet jack without adequate safety measures designed to protect users such as DRIVER, knowing that in the event of loss of control, injury to the user of the Subject Pallet Jack was a foreseeable and probable consequence.

p. Other such acts and omissions amounting to negligence as may be discovered and as will be shown at trial of this matter.

24. That the negligent acts and omissions of Defendants were pervasive, and of such a character, extent, and continuing nature so as to amount to gross negligence, justifying an award of punitive damages in this action.

25. That as a result of the negligence and gross negligence of Defendants, DRIVER sustained injuries and damages, for which recovery is sought by this action.

### THIRD CAUSE OF ACTION
#### BREACH OF WARRANTIES

26. The allegations of Paragraphs 1 through 25 are incorporated herein as if reproduced in full.

27. Defendants, through the sale of the Subject Pallet Jack, and the failure to remedy such defects, have breached express and implied warranties of fitness for a particular purpose and merchantability with respect to the sale of the Subject Pallet Jack.

28. Such warranties include, but are not limited to, the warranties set forth in U.C.A. §70A-2-313, 315, and 318 and §70A-2a-210, 213, and 216. All such conditions precedent to enforcement of

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 12 of 15

such warranties have been fulfilled.

29. By and through Defendants' breach of such warranties, DRIVER has sustained damages, and Defendants are therefore liable to DRIVER for all such damages, including consequential and punitive damages.

## FOURTH CAUSE OF ACTION
### Breach of Contract and Tortuous Breach of Contract

30. The allegations of Paragraphs 1 through 29 are incorporated herein by reference as if reproduced in full.

31. Prior to the date of the subject incident, Albertsons, DRIVER's employer, had entered into a contract with CROWN LIFT and/or one or more DOES, to service and repair the Subject Pallet Jack. DRIVER was an intended third party beneficiary of such contracts. By reason of said contracts, CROWN LIFT and/or DOES undertook express and implied contractual obligations and duties, including the duty to service the Subject Pallet Jack and sell and maintain the pallet jack with reasonable care and safety, to perform the contracts according to professional standards of care, and to perform the contracts in accordance with their duty of good faith and fair dealing. CROWN LIFT and/or DOES breached said contracts by and through their acts and omissions as set forth herein. Specifically, CROWN LIFT and/or DOES failed to warn DRIVER of the dangerous conditions of the Subject Pallet Jack, and failed to suggest or implement necessary repairs or modifications to the Subject Pallet Jack to reduce or eliminate the known dangerous conditions. Said breach of contract was accompanied by such negligence and gross negligence as to amount to

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 13 of 15

an independent tort. Such breach of contract was accompanied by such negligence, gross negligence, maliciousness, and willful and wanton conduct, and undertaken in conscious disregard for the rights of DRIVER and others similarly situated, so as to warrant the imposition of punitive damages on CROWN LIFT and/or DOES.

## JURY DEMAND

32. DRIVER requests a jury trial on all issues in this case.

## DAMAGES
### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against all Defendants, individually, jointly, and/or severally, for damages as follows:

1. For general and actual, or compensatory, damages in the amount of Five Million Dollars ($5,000,000.00) or such other reasonable sum to be determined at trial;

2. For special damages for lost earnings, both historical and future, additional domestic costs, costs to mitigate problems resulting from injuries, costs for expenses incurred as a direct and/or proximate result of injuries, incidental losses, and consequential losses and injuries in the amount of Ten Million Dollars ($10,000,000.00) or such other reasonable sum to be determined at trial;

3. For punitive damages against all Defendants in the sum of Twenty Million Dollars ($20,000,000.00) or in an amount sufficient to punish or deter them and others from similar types of behavior;

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 14 of 15

4. For Plaintiff's costs and reasonable attorneys fees incurred herein;

5. Prejudgment interest calculated from the date of this demand until paid;

6. Plaintiff reserves his right throughout these proceedings and at trial to increase his damage demand and/or amend his Complaint to conform to the evidence;

7. For other such and further relief, both legal and equitable, as the Court deems just and proper.

Respectfully submitted,

Dated: January 20, 2011.

_____
JILL COTTLE GARRETT
MARCA TANNER
COTTLE GARRETT LAW, PLLC
*Attorneys for Plaintiff*

First Amended Complaint for Damages and Jury Trial Demanded
*Cottle v. Crown Equipment Corporation, et al.*
Page 15 of 15